IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL GORBEY,

      Plaintiff,

v.                                                       Civil action no. 5:11cv126
                                                            (Judge Stamp)

THE FEDERAL BUREAU OF ALCOHOL,
TOBACCO, FIREARMS & EXPLOSIVES;
HEATHER YOUNG, Special Agent, A.T.F.;
THE UNITED STATES DEPARTMENT
OF JUSTICE; ALLEN R. AYERSMAN, Deputy;
MONONGALIA COUNTY SHERIFF'S OFFICE;
and the MONONGALIA COUNTY COMMISSION,
MONONGALIA COUNTY, WEST VIRGINIA,

      Defendants.

## REPORT AND RECOMMENDATION

### I. Procedural History

On September 19, 2011, the *pro se* plaintiff, an inmate at F.C.I. Otisville in Otisville, New York, initiated this civil rights action by filing a complaint pursuant to Bivens[1] against the first three above-named defendants, along with a motion for leave to proceed *in forma pauperis* ("IFP").

On September 20, 2011, the Clerk issued a deficiency notice, directing the plaintiff to file his complaint on a court-approved form, and also providing him with court-approved forms for IFP application, Consent to Collect fees, and a Prisoner Trust Account Report. On October 14, 2011, the plaintiff filed the completed IFP application, Consent to Collect, and Prisoner Trust Fund Account Report, along with a "Motion for Any Filing or Processing Fees to be Collected

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)(case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities).

1

(1) by Method of the Federal Prison (F.R.P.) Financhel [sic] Responsability [sic] Program F.BOP [sic] Program Statement 5380.08, or (2) to be Collected Frome [sic] the Named Defendants." Because the plaintiff had not timely returned his completed court-approved form, an Order to Show Cause was entered on October 20, 2011, directing the plaintiff to explain why his case should not be dismissed. On November 4, 2011, plaintiff filed a "Pro-Se [sic] Responce [sic] to Order to Show Cause and Encorporated [sic] Calender [sic] Motion for Extention [sic] of Time to File the Courts [sic] Approved Bivens Form." By Order entered on November 8, 2011, plaintiff's motion for an extension of time in which to file his court-approved form complaint was granted. By Order entered November 17, 2011, plaintiff's IFP motion was granted, permitting him to proceed without payment of an initial partial filing fee, but denying plaintiff's motion for fees to be collected by method of the Federal Prison Financial Responsibility Program, or from the named defendants.

On December 23, 2011, the plaintiff filed his court-approved form, adding three more defendants to the action, along with a motion to file a memorandum of law in support of his Bivens complaint. On February 2, 2012, the plaintiff's motion for leave to file a memorandum in support was granted. On March 5, 2012, an Order was inadvertently entered, directing plaintiff to file his memorandum in support within fourteen days. On March 6, 2012, an Order was entered, vacating the March 5, 2012 order, because the plaintiff's memorandum in support had already been filed, attached to his court-approved complaint.

## II. The Plaintiff's Complaint

In his complaint, the plaintiff sets forth a rambling, disjointed litany of allegations, claiming damages for the wrongful acts of various defendants as well as a number of non-defendants, dating back to his arrest in 2008 in Washington D.C., "part of a chain of events"

involving conspiracy, perjury, fabricated evidence, "malicious arrests, prosecutions, harrasments [sic], threats and damages" to him and "some of his family members by intentional negligences [sic] and deliberate (reckless) indiferances [ic] of employees of the State of West VA and the State of VA and the Federal Government."

Specifically, he alleges he was arrested and held in custody without bond on "bogus" fabricated charges while his mother was hospitalized and dying, prevented from speaking to or visiting with her before her death and prevented from attending her funeral. Further he alleges, this wrongful arrest and its attendant incarceration also caused the destruction of his relationship with his common law wife and the loss of a relationship with his two sons. Further, he claims monetary damages for: his privacy rights were violated by "illegal wire taps" on his phones that identified his location and permitted his arrest; loss of two vehicles impounded upon his arrest and never returned, along with loss of property allegedly contained therein; impound fees paid; bond charges paid for West Virginia state charges; money spent "in legal works & jail commassaries [sic] when forced to represent himself in the Federal Trials," the loss of two dogs taken when he was arrested in Colorado; and compensation for 275 days of incarceration without bond, including wage loss, on charges ultimately dismissed at trial.

Plaintiff claims that the wrongful acts were committed by A.T.F.; Special Agent Heather Young; Allen R. Ayersman of the Monongalia County Sheriff's Office and numerous non-defendants, "Trooper Rogers, Mike Henderson, and Meeker County Colorado Police Rick Amic and their police impound," Monongalia County Police and "other parties involved in Federal Case # 1:05-cr-49." Further, he also claims damages for exposure to "insects, rodents & vermin" while confined without bond at the North Central Regional Jail on A.T.F. charges. Finally, he alleges that he received inadequate or untimely medical treatment for a spider bite and an

3

incorrectly-pulled tooth while at the North Central Regional Jail, alleging medical malpractice for the former and dental malpractice for the latter. He alleges that because of ineffective assistance of counsel, he has been repeatedly forced to defend himself against the Federal Government "through (FAULTY) ADMINISTRATIVE remedy process for reasons including but (NOT) limited to MISSCLASSIFICATION" [sic] of his prison custody points, denial of "indogont" [sic] supplies, and denial of religious needs. He claims that "exceptional circumstances" apply in his case, entitling him to special consideration.

He requests oral arguments, a jury trial, and the "appointment of co-counsel."[2]

As relief, he demands One Million Four Hundred Twenty-Five Thousand Two Hundred Fifty Dollars ($1,425,250.00) "cash" for "past and future medical issues, past and future medical issues [sic], pain and suffering, loss of wages, invail [sic] confinement and more." Further, he requests punitive damages "in the events [sic] of MOLICIOUS actions."

### III. Standard of Review

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915(g)

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### IV. Analysis

---

[2] On his memorandum in support, plaintiff signed his name as "pro-se counsel Michael S. Gorby."

4

While incarcerated, including this action, between February 6, 2008 and the present, plaintiff has initiated 25 actions in federal court,[3] all of which have been dismissed except this action, as the following chart indicates.

|  | Case Style | Court | Case No. | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|---|---|
| 1. | Gorbey v. United States of America; U.S. Court of Appeals for the District of Columbia; Chief Judge Hogan; and Cathy Wittington | D. MD | 1:08cv332 | §1983 | 2/6/08 | Judge Richard D. Bennett | **Dismissed for failure to state a claim upon which relief can be granted;** lack of jurisdiction; and judicial immunity. |
| 2. | Gorbey v. The State of W.Va and Joe Manchin | D. MD | 1:08cv333 | §1983 | 2/6/08 | Judge Richard D. Bennett | Dismissed for lack of jurisdiction |
| 3. | Gorbey v. The United States Military; Occoquan Marine Base, and A. Mara | D. MD | 1:08cv334 | §1983 | 2/6/08 | Judge Richard D. Bennett | **Dismissed as frivolous and for failure to state a claim upon which relief can be granted**; warned about 28 U.S.C. §1915(g) 3-strike rule. Motion for reconsideration denied. |
| 4. | Gorbey v. The United States Military; Norfolk Naval Base; and Rowe | D. MD | 1:08cv339 | §1983 | 2/7/08 | Judge Richard D. Bennett | Dismissed pursuant to 28 U.S.C. 1915(e), **2nd dismissal as frivolous, for failure to state a claim upon which relief can be granted**; forewarned about 3 strikes rule. |
| 5. | Gorbey v. United States of America; Congress; Shelly M. Capito; John D. Rockefello [sic], and Nick J. Rala | E.D. VA | 1:08cv82 | 28:1331 Bivens | 2/15/08 | Judge Raymond A. Jackson | Dismissed without prejudice by motion of plaintiff. |
| 6. | Gorbey v. T.V. Abc [sic] 7 News – WjLa.com/News [sic], Reporters, Editors; WTOP Radio Station, Reporters, Editors, WJLa/News [sic] Channel 8 | E.D. VA | 2:08cv133 | §1983 | 3/19/08 | Judge Raymond A. Jackson | Dismissed without prejudice to re-file in state court; lack of jurisdiction; plaintiff did not intend to file in District Court. |
| 7. | Gorbey v. United States of America; Congress; U.S. Senate; United States House of Representatives; United States Supreme | D. D.C. | 1:08cv649 *Aff'd.* D.C. Cir. No. 08-5195 | §1983 | 4/15/08 | Unassigned | **Dismissed without prejudice for failure to state a claim;** decision affirmed on appeal. |

---

[3] A review of http:dockets.justia.com/search?query+Michael+S.+Gorbey reveals that plaintiff has filed many other actions in various states' circuit courts that were then appealed to several Circuits' Courts of Appeals. Those cases are not included in this chart.

| # | Case | Court | Case No. | Claim | Date | Judge | Disposition |
|---|------|-------|----------|-------|------|-------|-------------|
| | Court | | | | | | |
| 8. | Gorbey v. United States of America; Congress; United States Senate; United States House of Representatives; and the President of the United States of America | D. D.C. | 1:08cv650 *Aff'd.* D.C. Cir. No. 5196; 2009 U.S. App. LEXIS 2327; *petition for cert. denied,* 129 S. Ct. 2068 (Apr. 27, 2009) | §1983 | 4/15/08 | Unassigned | Dismissed without prejudice for failure to specify detailed factual basis necessary for conspiracy claim; **failure to state a claim upon which relief can be granted;** decision affirmed on appeal. Petition for writ of certiorari denied. |
| 9. | Gorbey v. Judge Irene Keeley and AUSA David Godwin | N.D. WV | 3:08cv77 | 28:1346 Tort Claim | 4/21/08 | Judge John P. Bailey | Dismissed without prejudice; plaintiff intended to file in Superior Court for the District of Columbia. |
| 10. | Gorbey v. United States of America; U.S. Postal Service; and Jon Thoma, Postmaster | N.D. WV | 2:08cv121 | 28:1331 Bivens | 12/12/08 | Judge Robert E. Maxwell | **Dismissed for failure to state a claim** over plaintiff's objections |
| 11. | Gorbey v. District of Columbia and Judge Gregory Jackson | D. D.C. | 1:09cv261 *Aff'd.* D.C. Cir. No. 09-7025 | §1983 | 2/10/09 | Unassigned | **Dismissed without prejudice over plaintiff's objections for failure to state a claim upon which relief can be granted** and judicial immunity; motion for reconsideration denied; decision affirmed on appeal. |
| 12. | Gorbey v. United States of America; United States Dep't. of Justice; United States Prosecutors Office; Jeffrey Taylor, U.S. Prosecutor; and John Cummings, Assistant U.S. Prosecutor | D. D.C. | 1:09cv262 *Aff'd.* D.C. Cir. No. 09-5136 | §1983 | 2/10/09 | Unassigned | **Dismissed with prejudice for failure to state a claim,** absolute prosecutorial immunity, and sovereign immunity; motion for reconsideration denied; decision affirmed on appeal |
| 13. | Gorbey v. United States of America; Congress; U.S. Dep't. of Justice; and Federal Judge Irene Keeley | S.D. WV | 2:09cv313 *Aff'd.* 4th Cir. No. 09-7977 | §1983 | 3/27/09 | Judge Thomas E. Johnston | **Dismissed with prejudice as frivolous, for failure to state a claim,** and for seeking monetary relief from someone immune from such relief. Motion for reconsideration denied. District Court's decision affirmed on appeal. |
| 14. | Gorbey v. The State of West Virginia; Monongalia County; Sheriff's Office of Monongalia County; Dodridge [sic] County; | S.D. IN | 2:09cv137 | §1983 | 4/15/09 | Judge Wm. T. Lawrence | Dismissed without prejudice for failure to prosecute, failure to pay filing fee, ineligible for IFP status under 28 USC §1915(g) 3 strikes |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | North Central Regional Jail; and State Police of West Virginia | | | | | | rule. |
| 15. | Gorbey v. State of Virginia; Fairfax County; Clerk's Office, Circuit Court; Fairfax County Judicial Center | E.D. VA | 2:09cv173<br><br>*Aff'd.* 4th Cir. No. 09-7301 | §1983 | 4/15/09 | Judge Raymond A. Jackson | Dismissed without prejudice for failure to comply with court order. **Motion for leave to appeal denied; appeal lacks meritorious character.** Appeal dismissed for failure to prosecute; motion to reinstate appeal granted; District court's decision affirmed; rehearing *en banc* denied. |
| 16. | Gorbey v. District of Columbia; Peter Nickles, Att'y Gen'l. for District of Columbia; Clerk's Office for District of Columbia; Garland Pinkson, Jr., Clerk of Court, District Court of Columbia Court of Appeals; Joy A. Chapper, Chief Deputy Clerk, District of Columbia Court of Appeals | S.D. IN | 2:09cv151 | §1983 | 4/27/09 | Judge Wm. T. Lawrence | Dismissed without prejudice for failure to prosecute; IFP application denied; did not pay filing fee |
| 17. | Gorbey v. United States of America; Dep't. of Justice; Office of the Clerk, U.S. Supreme Court; William K. Suter, Clerk, U.S. Supreme Court; JR Clayton R. Higgins, Court Employee, U.S. Supreme Court | S.D. IN | 2:09cv154 | §1983 | 4/28/09 | Judge Larry J. McKinney | Dismissed without prejudice for failure to prosecute; did not pay filing fee and ineligible for IFP per 3 strikes rule (note: failed to advise court of 3 strikes). Motion for reconsideration denied. |
| 18. | Gorbey v. District of Columbia, Washington DC; Peter Nickles, Att'y Gen'l., District of Columbia; Court of Appeals for District of Columbia; and Superior Court for District of Columbia | S.D. IN | 2:09cv156<br><br>*Dismissed* 7th Cir. No. 09-2810 | §1983 | 4/29/09 | Judge Richard L. Young | Dismissed for failure to prosecute (did not pay filing fee); per 3 strikes rule, ineligible for IFP status. Motion for IFP on appeal denied; Appeal dismissed for failure to pay filing fee. |
| 19. | Gorbey v. State of Virginia, Commonwealth of Virginia, State Capitol; The County of Culpeper, Virginia; and the Clerk's Office, General District Court | E.D. VA | 2:09cv205<br><br>*Aff'd.* 4th Cir. No. 09-7348. | §1983 | 5/4/09 | Judge Raymond A. Jackson | Dismissed without prejudice for failure to comply with court order (to provide consent to collect and respond to interrogatories designed to particularize claim). District Court's decision affirmed on appeal. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 20. | Gorbey v. Federal Bureau of Prisons throughout the United States; Federal Prison Staff at FCC Coleman | M.D. FL | 5:10cv309 *Dismissed* 11th Cir. No. 10-14402 | 28: 1331 Bivens | 7/12/10 | Judge Gary R. Jones | Dismissed without prejudice pursuant to 28 U.S.C. §1915(g) 3-strike rule; IFP denied. Motion for reconsideration denied. Appeal dismissed for want of prosecution (did not pay filing fee). |
| 21. | Harrell Watts Regional Director, Federal Bureau of Prisons, Washington, DC; D. S. Dodrill, Regional Director, Federal Bureau of Prisons, Philadelphia, PA; M. K. Nalley, Regional Director, Federal Bureau of Prisons, Kansas City, KS; B. Bledso, Warden, USP-Lewisburg, Pennsylvania; and Hellen J. Marberry, Warden, USP-Terre Haute, Indiana | D. KS | 5:10cv3187 | 28: 1331 Bivens | 9/17/10 | Judge Sam A. Crow | Dismissed without prejudice pursuant to 28 U.S.C. §1915(g) 3-strike rule for failure to pay filing fee. |
| 22. | Gorbey v. District of Columbia | D. D.C. | 1:10cv1751 *Appeal dismissed* D.C. Cir. 10-7175 | §1983 | 10/18/10 | Unassigned | **Dismissed with prejudice for failure to state a claim; frivolous;** remedy available in habeas. Motion for reconsideration denied. Appeal dismissed for lack of prosecution. |
| 23. | Gorbey v. Harrell Watts, FBOP Regional Director; Reberta Truman, FBOP Administrative Remedy Coordinator, Washington, DC; Unknown Named FBOP Administrative Remedy Coordinator, Washington, DC; Unknown Named FBOP Regional Counsel, Tort Claims Division, Washington, DC; FNU Sero, FBOP Regional Director, Atlanta, GA; Unknown Named FBOPO Administrative Remedy Coordinator, Atlanta, GA; Lisa M. Sunderman, FBOP Regional Counsel, | M.D. FL | 5:11cv22 *Dismissed* 11th Cir. 11-11688-F | 28: 1331 Bivens | 1/20/11 | Judge Richard A. Lazzara | Dismissed without prejudice pursuant to 28 U.S.C. §1915(g) 3-strike rule and for failure to exhaust most of claims. Motion for reconsideration denied. **Motion for IFP on appeal denied because "appeal not taken in good faith,"** see 28 USC §1915(a)(3). Appeal dismissed for want of prosecution because appellant failed to pay filing fee. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Tort Claims Division, Atlanta, GA; Jeorge L. Pastrana, Warden, FCI Coleman Medium; Vic Flournoy, FBOP Assistant Warden, FCI Coleman Medium; Ms. FNU Skinner, FBOP Administrative Remedy Coordinator, FCI Coleman Medium; Unknown Named FBOP Administrative Remedy Coordinator, FCI Coleman Medium; W. Skinner, FBOP Lieutenant, FCI Coleman Medium; C. Parks, FBOP Lieutenant, FCI Coleman Medium; FNU Ambrimski, FBOP Lieutenant, FCI Coleman Medium; FNU Aguirre, FBOP B-House Unit Manager; Mr. FNU Gage, FBOP B-2 Case Manager, FCI Coleman Medium; Ms FNU G., FBOP B-4 Case Manager, FCI Coleman Medium; Mr. FNU Smith, FBOP B-4 Counselor, FCI Coleman Medium; Mr. FNU Davis, FBOP B-2 Counselor, FCI Coleman Medium; Ms. FNU Bugs, FBOP AHSA Medical Supervisor, FCI Coleman Medium; C. Ancell, FBOP (SHU) #1 and Ranger Officer, FCI Coleman Medium; Federal Bureau of Prisons; and A. Hampton, FBOP A-House Counselor, FCI Coleman Medium | | | | | | |
| 24. | Gorbey v. State of Virginia; Supreme Court of Virginia; Court of Appeals of Virginia; Circuit Court of Madison Virginia; Circuit Court of Culpeper Virginia; and the Circuit Court of Hanover Virginia | E.D. VA | 2:11cv164 | §1983 | 3/14/11 | Judge Raymond A. Jackson | Dismissed pursuant to 28 USC §1915A **for failure to state a claim** upon which relief can be granted. Motion for reconsideration denied; advised that no further pleadings will be filed or acted upon by the Court except for a |

| 25. | Gorbey v. The Federal Bureau of Alcohol, Tobacco, Firearms & Explosives; Heather Young, Special Agent, A.T.F.; The United States Dep't. of Justice; Allen R. Ayersman, Deputy; Monongalia County Sheriff's Office; and the Monongalia County Commission, Monongalia County, West Virginia | N.D. WV | 5:11cv126 | 28: 1331 Bivens | 9/19/11 | Judge Frederick P. Stamp | notice of appeal; Clerk directed to docket anything filed by plaintiff, other than a notice of appeal, as a submission. Recommendation of dismissal herein. |

Therefore, this action must also be dismissed insofar as plaintiff has sought and inadvertently been granted permission to proceed *in forma pauperis*.[4]

Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1996[5] [PLRA], the statute abrogates prisoners' entitlement to bring civil actions or appeals *in forma pauperis* after having three or more such actions dismissed as frivolous, malicious or failing to state a claim unless they are in danger of serious physical harm. It does not preclude them from filing such actions and paying the filing fee in full as they initiate them, rather than in payments as anticipated by 28 U.S.C. §1915(b)(1) when they are granted *in forma pauperis* status.

---

[4] By separate Order, this Court's Order of November 17, 2011, erroneously granting plaintiff IFP status, is being vacated. The undersigned notes that in completing his complaint, the plaintiff did not indicate that he had already incurred "three strikes" in federal court. Plaintiff only admitted to filing one prior action in District Court of Washington D.C. in November, 2007, dealing with these same facts. Had the plaintiff answered this question truthfully, the undersigned would have made a search on PACER earlier, before granting plaintiff's IFP motion, discovered the prior strikes, and dismissed this action months ago.

[5] The statute does not apply to habeas actions. Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997), cert. denied, 521 U.S. 1131 (1997)("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who had filed three groundless civil suites might be barred any access to habeas relief."); see also Martin v. United States, 96 F.3d 853, 855- 56 (7th Cir. 1996).

As the above chart indicates, the plaintiff actually has filed 11 cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. In the instant complaint, plaintiff has alleged nothing to indicate that he is in imminent danger of serious physical injury. Because plaintiff has filed more than three actions *in forma pauperis* which have been dismissed as frivolous or for failing to state a claim upon which relief can be granted, and the present allegations do not suggest that plaintiff is in imminent danger of serious physical injury, this action is prohibited and plaintiff is prohibited under 28 U.S.C. §1915(g) from filing further actions *in forma pauperis*. Accordingly, plaintiff is not entitled to maintain this action *in forma pauperis*, and it must be dismissed.

## V. Recommendation

For the foregoing reasons, this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 14, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE