IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

MICHAEL S. GORBEY,

    Plaintiff,

v.                                                       Civil Action No. 5:11-CV-126
                                                         (Bailey)

THE FEDERAL BUREAU OF ALCOHOL,
TOBACCO, FIREARMS, AND EXPLOSIVES;
HEATHER YOUNG, Special Agent, A.T.F.;
THE UNITED STATES DEPARTMENT OF JUSTICE;
ALLEN R. AYERSMAN, *Deputy*;
MONONGALIA COUNTY SHERIFF'S OFFICE; and
MONONGALIA COUNTY, WV, COMMISSION,

    Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 26]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on March 14, 2012 [Doc. 26]. In that filing, the magistrate judge recommended that this Court dismiss this case without prejudice [Doc. 26 at 11].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on March 19, 2012 [Doc. 27]. The certificate of service attached to plaintiff's objections lists a date that precedes the date of service (March 16, 2012); the envelope reflects that the objections were placed in the mail by April 4, 2012 [*See* Doc. 29 at 9 and Doc. 29-2]. Although it is not clear that the plaintiff met the fourteen-day deadline, this Court will construe the plaintiff's objections as timely. Furthermore, the plaintiff filed additional comments on April 23, 2012 [Doc. 32]. Although the second set of objections were clearly not timely, this Court will consider all objections in this Order. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On September 19, 2011, the plaintiff filed a **Bivens**[1] complaint against the following defendants: the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives; Heather Young, an ATF agent; and the United States Department of Justice [Doc. 1]. After receiving a notice of deficient pleading, the plaintiff refiled his complaint on the proper court-approved form [Doc. 17]. In this new complaint, the plaintiff listed the following additional defendants: Allen R. Ayersman, Deputy; Monongalia County Sheriffs Office; and

---

[1] ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971)(creating a counterpart to 42 U.S.C. § 1983 and authorizing suits against federal employees in their individual capacities).

2

Monongalia County Commission [*Id.* at 2-4].

Also on September 19, 2011, the plaintiff filed a Motion for Leave to Proceed In Forma Pauperis [Doc. 2]; on October 14, 2011, the plaintiff filed an Application for Leave to Proceed In Forma Pauperis [Doc. 6]. As noted in the R&R, on November 17, 2011, the magistrate judge entered an order granting the plaintiff's *in forma pauperis* motion; this permitted the plaintiff to proceed without payment of an initial partial filing fee [Doc. 15]. Upon determining that the "three strikes" rule barred the plaintiff's right to proceed *in forma pauperis*, the magistrate judge entered an Order Vacating Order Granting *In Forma Pauperis* Status [Doc. 25] on March 14, 2012.

## II. Applicable Law

Pursuant to 28 U.S.C. § 1915(g), a prisoner cannot bring a civil claim *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless this prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly referred to as the "three strikes" rule of the Prison Litigation Reform Act of 1996.

When a district court denies a prisoner *in forma pauperis* status based upon the "three strikes" rule, "the proper procedure is for the district court to dismiss the complaint without prejudice". **Dupree v. Palmer**, 284 F.3d 1234, 1236 (11th Cir. 2002); *see also* **McGee v. Myers**, 10 Fed.Appx. 528, 529 (9th Cir. 2001) (*unpublished*); **Shabazz v. Cambell**, 12 Fed.Appx. 329, 330 (6th Cir. 2001). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he

3

initiates the suit." **Dupree**, 284 F.3d at 1236. The only exception to this is when the plaintiff demonstrates that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also **Tolbert v. Stevenson**, 635 F.3d 646, 648 (4th Cir. 2011) (quoting section 1915(g)).

### III. Discussion

As detailed in the magistrate judge's R&R, the plaintiff has filed eleven cases in federal court that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. [See Doc. 26 at 5-10].[2] Although some of those dismissals were without prejudice for failure to state a claim, numerous dismissals were with prejudice and "on the mertis."[3] The plaintiff does not deny the fact that the "three strikes" rule is applicable to this proceeding; instead, the plaintiff argues that he falls under the imminent danger exception [See Docs. 29 and 32].

In his objections, the plaintiff states that he is "in threat of immenent [sic] danger of serious phisical [sic] injury of death within the [Federal Bureau of Prisons]. Not just in any particular facility but (within the [Federal Bureau of Prisons]) [sic]" [Doc. 29 at 9]. As such, the plaintiff does not appear to be relying on any specific action or inaction to support his imminent danger claim.

Attached to the second set of objections, the plaintiff lists a number of individuals

---

[2]As noted in the plaintiff's objections, the plaintiff has filed numerous federal and state cases. In the R&R, the magistrate judge lists 25 actions that have been initiated by the plaintiff in federal courts. See Doc. 26 at 5-10. The plaintiff states that he has filed 35-40 state and federal filings [Doc. 29 at 5].

[3]A dismissal without prejudice for failure to state a claim does not count as a strike under § 1915. See **McLean v. United States**, 566 F.3d 391, 394 (4th Cir. 2009).

who the plaintiff alleges "are a threat to [his] security" at F.C.I. Otisville [Doc. 32-1]. He states that these individuals "[h]ave acted in ways that are a threat to [his] fiscal safety or healthy well being" [*Id.*]. The Court notes that none of the individuals contained in this list are listed as defendants in the complaint filed in this case [*Cf.* Doc. 32-1 with Docs. 1 and 17]. Furthermore, the plaintiff fails to provide any factual support for how these individuals are a "threat to [his] safety." Moreover, he merely alleges that these individuals are a threat to his "fiscal safety or healthy well being;" he does not allege an imminent danger of serious physical injury.

In addition, the Court notes that the plaintiff makes no factual allegations in his complaint in support of his imminent danger claim. The complaint includes claims for the following acts: (1) denial of visits with to the plaintiff's mother while she was sick; (2) destruction of the plaintiff's relationship with his "common law wife" and his two sons; (3) loss of animals; (4) violation of the plaintiff's privacy rights through the use of wiretaps; (5) loss of wages for time spent in confinement without bond; (6) loss of two vehicles; (7) loss of monetary funds through bond fees, legal fees, and impound fees; (8) exposure to insects in confinement; and (9) medical and dental malpractice "while being held (without bond) on the ATF charges" [*See* Doc. 17 at 7-11]. All of these claims are for past acts that cannot serve as the foundation for a claim of imminent danger. *See* **Chase v. O'Malley**, 2012 WL 517206, *1 (4th Cir. Feb. 17, 2012) (*unpublished*) ("the requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct")(internal citations omitted).

To the extent that the plaintiff might rely upon the reference to ongoing symptoms

contained in the factual support for claims eight and nine [*See* Doc. 17 at 10-11][4] as support for his imminent danger claim, this Court notes that these symptoms fail to establish that the plaintiff is experiencing a serious physical injury or is in imminent danger of experiencing a serious physical injury. First, even if this Court were to liberally construe the plaintiff's periodic allergic skin condition as a "serious physical injury," the plaintiff has not alleged that he has attempted to obtain and was refused medical treatment for any rash where he is currently housed. Second, plaintiff's tooth pain does not amount to a serious physical injury. *See* **Holden v. Hirner**, 663 F.3d 336, 342-43 (8th Cir. 2011) (explaining that tooth pain is not sufficient to establish a serious medical need unless it is accompanied by (1) "outward signs of injury, such as bleeding and swelling" or (2) evidence that a delay in treatment would negatively impact the prisoner's prognosis). Therefore, the plaintiff has failed ro meet the "imminent danger of a serious physical injury" standard with either of these symptoms. As such, this Court hereby **OVERRULES** the plaintiff's objections and **FINDS** that the magistrate judge's R&R should be **ADOPTED**.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 26]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's

---

[4]In support of claim eight, the plaintiff states that he "did not receive proper or timely medical treatment or relief from the ants" or a spider bite [Doc. 17 at 10]. Although listed in support of another claim, the plaintiff also states that he "suffered [an] allergic reaction from the spider bite that still cause [sic] rash like [sic] or fungle like [sic] breakouts to the bitten hand and thumb" [*Id.* at 11]. In support of claim nine, the plaintiff states that "teeth roots" left in his mouth after dental work done at the North Central Regional Jail are "causing trouble & need cut-out [sic]" [*Id.*].

report. Furthermore, the plaintiff's Objections **[Docs. 29 and 32]** are **OVERRULED**. Accordingly, this proceeding is hereby **DISMISSED WITHOUT PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** June 1, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE